## UNDERHILL v. NELSON.

FRAUDULENT CONVEYANCE. *What bill to set aside after lapse of long time must charge.* A party seeking to set aside a conveyance after lapse of a long period (in this case eighteen years) on the ground of fraud, must not only charge and show the facts that make out the fraud, but

Underhill *v.* Nelson.

that these facts were actively concealed from him, or kept from his knowledge by the defendant, so that he could not by due diligence have known them, to entitle him to the aid of a court of equity.

### FROM WASHINGTON.

Appeal from the Chancery Court at Jonesboro. H. C. SMITH, Ch.

KIRKPATRICK for complainant.

INGERSOLL for defendant.

FREEMAN, J., delivered the opinion of the court.

The bill in this case is filed to set aside a conveyance of all the interest, real and personal, of complainant in the estate of his father, William Underhill, made to defendant in 1856.

The bill was filed in 1874, eighteen years after the transaction. It goes on the idea that defendant had taken advantage of the illiteracy and easy disposition of complainant to get his estate for a grossly inadequate price, and that complainant was not informed, or did not know the fact, that all his interest, both real and personal, had been embraced in the conveyance. There are other matters embraced in the bill in reference to a bill filed by the parties jointly, seeking to have the decrees therein made vacated as fraudulently obtained. In the view we have taken of this case we need not at present go into these questions. It suffices to say that we hold that after eighteen years of acquiescence in the conveyance, the complainant would have to show not only a case

of clear fraud in obtaining the deed, but also with equal distinctness that the complainant had actively concealed the facts constituting the fraud, so that by the exercise of due diligence in ascertaining his rights he could not have done so, in order to entitle him to the aid of a court of equity. He has charged no such facts of concealment against the defendant. His simple failure to ascertain the contents of the deed is not enough to save him from the effect of his own laches in not looking after his rights. It would be intolerable to allow a party to set aside solemn conveyances after such a lapse of time on general allegations of fraud, even if proven, unless he could bring himself within the rule we have laid down by showing the fraud to have been actively concealed from him by the defendant. This the complainant has neither alleged or proven. His bill should have been dismissed.

Reverse the decree of the Chancellor and dismiss the bill with costs of this and the court below.